## Temple v. Department of Highways et al., Appellants.

Argued November 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Raymond Kleiman,* Deputy Attorney General, with him *Thomas E. Roberts,* Assistant Attorney General, and *Fred Speaker,* Attorney General, for Commonwealth, appellant.

*Ewing B. Pollock,* with him *James B. F. Rinehart,* for appellee.

OPINION PER CURIAM, March 23, 1971:
Order affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I respectfully dissent from the affirmance of the lower court in dismissing the appeal of the Pennsylvania Department of Highways and State Workmen's Insurance Fund.

Although the record supports the finding of the Workmen's Compensation Board that on February 23, 1965, a compensable injury occurred to appellee, David L. Temple, the Board failed to deduct from the award a credit I think was due the employer for forty-one and and one-half days of sick leave which it had paid to him. ·

· The rule in Pennsylvania is that a claimant cannot receive both sick pay and workmen's compensation, established in *Creighton v. Continental Roll and Steel Foundry Company,* 155 Pa. Superior Ct. 165, 38 A. 2d 337 (1944), 175 A.L.R. 731, 84 A.L.R. 2d 1111, which held that when the employer pays an employe who is totally disabled, not as wages or salary for work performed, but as relief to the employe for his incapacity, the employer discharges his liability for the weeks in which the payments equal or exceed the compensation payable. This rule should be applied in the present case.

· The regulation of the Board, on which the *Creighton* case was decided, should be given full recognition

and followed. It reads, "Sick Leave. A disabled employe may not receive sick leave and workmen's compensation benefits at the same time." Executive Board Personnel Rules, Part II, §1309.2.

I would therefore allow the proper credit for the aforesaid payments on the award of compensation and, as reduced by the credit, affirm it.

HOFFMAN and CERCONE, JJ., join in this dissenting opinion.